UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| KYLE GREENE, | CASE NO. 11-618 (PJS/TNL) |
| PLAINTIFF, | |
| V. | |
| CANDEE S. GASSMAN, ELIZABETH W. CUMMINS, ERIC S. OELRICH, KRISTI STANISLAWSKI, JUDGE STEVEN E. DRANGE, JUDGE VICKIE E. LANDWEHR, MEEKER COUNTY, STEARNS COUNTY, ERIC BOUCHER, | **REPORT & RECOMMENDATION** |
| DEFENDANTS. | |

---

Kyle Greene, 32028 Minnesota Highway 15, Kimball, MN 55353, pro se Plaintiff;

Roger L. Rowlette and Jason M. Hill, **JOHNSON & LINDBERG, PA**, 7900 International Drive, Suite 960, Minneapolis, MN 55425-1582, for Defendants Candee S. Gassman, Elizabeth W. Cummins, Meeker County, Stearns County;

Erin D. Doran and Laura J. Hanson, **MEAGHER & GEER, PLLP**, 33 South 6th Street, Suite 4400, Minneapolis, MN 55402, for Defendants Eric S. Oelrich and Kristi Stanislawski;

John S. Garry, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St Paul, MN 55101-2128, for Defendant Judges Steven E. Drange and Vickie E. Landwehr; and

Ryan M. Zipf, **LEAGUE OF MINNESOTA CITIES**, 145 University Avenue West, St. Paul, MN 55103, for Defendant Eric Boucher.

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Judges Steven E. Drange and Vickie E. Landwehr's Motion to Dismiss (Docket No. 4), Defendant Prosecutors Eric S. Oelrich and Kristi Stanislawski's Motion to Dismiss (Docket

No. 9), and Defendant Eric Boucher's Motion to Dismiss (Docket No. 28). This action has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b). A hearing was held on Defendant Judges Steven E. Drange and Vickie E. Landwehr's Motion to Dismiss (Docket No. 4) and Defendant Prosecutors Eric S. Oelrich and Kristi Stanislawski's Motion to Dismiss (Docket No. 9) on May 23, 2011. A hearing was held on Defendant Eric Boucher's Motion to Dismiss (Docket No. 28) on June 30, 2011.

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY RECOMMENDED** that Defendant Judges Steven E. Drange and Vickie E. Landwehr's Motion to Dismiss (Docket No. 4), Defendant Prosecutors Eric S. Oelrich and Kristi Stanislawski's Motion to Dismiss (Docket No. 9), and Defendant Eric Boucher's Motion to Dismiss (Docket No. 28) be **GRANTED** and all claims against them be **DISMISSED WITH PREJUDICE**.

## II.   BACKGROUND

Plaintiff Kyle Greene (Greene) brings the present Complaint against Defendants Candee S. Gassman, Elizabeth W. Cummins, Eric S. Oelrich, Kristi Stanislawski, Judge Steven E. Drange, Judge Vickie E. Landwehr, Meeker County, Stearns County, and Eric Boucher under 42 U.S.C. §§ 1981, 1983, and 1985. (Docket No. 1.)  Greene's claims arise out of a child-support proceeding in Meeker County and a misdemeanor criminal case in Stearns County.  Defendant Gassman is a Meeker County Child Support Officer (Compl. at ¶ 12, Oct. 3, 2011); Defendant Cummins is an Assistant County Attorney in Meeker County (*id.* at ¶ 31); Defendant Drange is a Minnesota District Court Judge seated in Minnesota's Eighth Judicial District, which includes Meeker County (*id.* at ¶ 33); Defendant Landwehr is a Minnesota District Court Judge seated in Minnesota's Seventh Judicial District, which includes Stearns County (*id.* at ¶ 67); Defendant Oelrich prosecutes cases on behalf of the State of Minnesota, (*id.* at ¶ 69); Defendant Boucher is

a police officer (*id.* at ¶ 69); and Defendant Stanislawski prosecutes cases on behalf of the State of Minnesota (*id.* at ¶ 72). Greene's Complaint seeks compensatory damages, punitive damages, and costs. (*Id.* at 14-15.) Additional allegations will be discussed within the analysis section of this Report & Recommendation.

Defendant Judges Drange and Landwehr moved to dismiss Greene's claims against them, arguing that Greene's claims against them are barred by the Eleventh Amendment and common law judicial immunity. (Defs.' Mem. 1, Apr. 5, 2011.) Defendants Oelrich and Stanislawski moved to dismiss Greene's claims against them, arguing that Greene's claims are barred by the fact that he has not pleaded facts sufficient to support his claims, the holding *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), and common law prosecutorial immunity. (Defs.' Mem. Apr. 6, 2011.) Defendant Eric Boucher moved to dismiss Greene's claims against him, arguing that Greene has failed to allege sufficient facts to support a claim. (Def.'s Mem. May 19, 2011.) Greene opposes the motions.

### III. ANALYSIS

#### 1. Standard of Review on Motions to Dismiss

A complaint should be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint that is challenged on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) does not need to contain detailed factual allegations to survive the motion, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). The court must analyze whether the plaintiff has put forth factual allegations that "raise the right to relief above the speculative level on the assumption that all of the complaint's allegations are

true." *Twombly*, 550 U.S. at 545, 127 S. Ct. at 1959. While federal courts must "view *pro se* pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

Section 1981 provides a cause of action for individuals deprived of their right to make and enforce contracts. 42 U.S.C. § 1981(a). Section 1983 provides a cause of action for individuals deprived of a federal right by a "person" acting under the color of law. 42 U.S.C. § 1983. Section 1985 provides a remedy to specific categories individuals who are victims of conspiracies to injure their person or property, or conspiracies to deny them equal protection under the law. 42 U.S.C. § 1985. These categories of individuals include, for example, public officers, witnesses, jurors, voters, and travelers. 42 U.S.C. § 1985.

### 2. Defendants' Capacity

Greene does not specify in what capacity Defendants are sued. Public officials may be sued in their individual capacities, official capacities, or both. *Bakhtiari v. Lutz*, 507 F.3d 1132, 1138 (8th Cir. 2007). Absent an express statement that public-official defendants are being sued in their individual capacity, a "suit is construed as being against the defendants in their official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Thus, this Court construes Greene's Complaint as a suit against Defendants in their official capacities.

### 3. Defendant Judges' Motion to Dismiss (Docket No. 4)

Greene's claims against Defendant Judge Drange arise out of four alleged acts: First, at a July 7, 2009 hearing, Defendant Judge Drange denied Greene's right to counsel. (Compl. at ¶¶ 35-36.) Second, at a July 7, 2009 hearing, Defendant Judge Drange "ignore[d]" Greene's memorandum submitted to him and did not articulate the basis for his decision to ignore

Greene's memorandum. (Compl. at ¶¶ 33, 57.) Third, at a July 7, 2009 hearing, Defendant Judge Drange ordered Green to sign an unconscionable contract. (Compl. at ¶ 58.) Fourth, on July 7, 2009, Defendant Judge Drange ordered that Greene's child support obligation be increased to $458 per month. (Compl. at ¶ 58.) All of these claims against Defendant Judge Drange arise out of an action involving the determination of Greene's child support obligation. (Docket No. 2-1.)

Greene's claims against Defendant Judge Landwehr arise out of three alleged acts: First, Defendant Judge Landwehr "ignored Greene's Demand for Judicial Estoppel." (Compl. at ¶ 66.) Second, on April 20, 2010, Defendant Judge Landwehr issued an order and memorandum. (Compl. at ¶ 67.) Third, On July 8, 2010, Defendant Judge Landwehr ignored Greene's Motion and Demand to produce documents for evidence. (Compl. at ¶ 68.) All of these claims arise out Defendant Judge Landwehr's involvement in *State of Minnesota v. Kyle Richard Greene*, Case No. 73-VB-09-10383 (Stearns County, Minn. Sept. 30, 2009), a case in which Greene was convicted.

For the reasons set forth below, this Court respectfully recommends that Greene's claims against Defendant Judges' Motion to Dismiss be granted.

First, Greene has failed to allege a claim under 42 U.S.C. § 1983 against Defendant Judges upon which relief can be granted. A suit against a state official in his or her official capacity is a suit against the State. *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 361 (1991). Greene's suit is against Defendants in their official capacities and is, therefore, a suit against the State. The State is not a "person" within the meaning of section 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Therefore, Greene has not alleged a section 1983 claim against Defendant Judges upon which relief can be granted.

5

Second, Greene has failed to allege a claim against Defendant Judges upon which relief can be granted under 42 U.S.C. § 1985. Section 1985 requires an allegation of a conspiracy to deprive the plaintiff either directly or indirectly of his civil rights. *Mettler v. Whitledge*, 165 F.3d 1197, 1206 (8th Cir. 1999). "[A]llegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a 'meeting of the minds.'" *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985). Greene's Complaint does not allege a conspiracy involving either of the Defendant Judges, and therefore, he has not alleged a section 1985 claim upon which relief can be granted.

Third, Greene's claims against Defendant Judges are barred by the Eleventh Amendment of the United States Constitution. The Eleventh Amendment bars claims for damages against a State for alleged deprivations of civil liberties, unless the State has waived immunity or Congress has overridden that immunity. *Will*, 491 U.S. at 66, 109 S. Ct. at 2309-10. The State of Minnesota has not waived its Eleventh Amendment immunity, *contra* Minn. Stat. § 1.05 (waiving immunity for violations of other federal statutes), and Congress did not clearly abrogate Eleventh Amendment immunity for claims under 42 U.S.C. §§ 1981, 1983, and 1985. *Quern v. Jordan*, 440 U.S. 332, 343, 99 S. Ct. 1139, 1146 (1979) (holding that the Eleventh Amendment shields states from claims under 42 U.S.C. § 1983); *Singletary v. Missouri Dept. of Corrections*, 423 F.3d 886, 890 (8th Cir. 2005) (holding Eleventh Amendment shields states from claims brought under 42 U.S.C. § 1981); *see also Beach v. State of MN.*, No. 03-cv-862 (MJD/JGL), 2003 WL 21488679, *3 (D. Minn. June 25, 2003) (holding that "Congress . . . has not abrogated state immunity by enacting 42 U.S.C. § 1985"), *aff'd.* 92 Fed. Appx. 386 (8th Cir. Apr 06, 2004). Therefore, the Eleventh Amendment to the United States Constitution bars Plaintiff's claims against Defendant Judges.

Finally, if Greene's section 1983 claims against Defendant Judges are individual capacity claims, then the Defendant Judges are entitled to judicial immunity. The United States Supreme Court has held that judges are immune from liability for acts done within their judicial authority. *Bradley v. Fisher*, 80 U.S. 335, 351 (1871). "[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him." *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 1105 (1978). Therefore, even if Greene's Complaint were construed as being against Defendant Judges in their individual capacities, his claims against them would be barred because the claims are based upon acts undertaken within their judicial authority. *See* Minn. Const. Art. VI, Sec. 3 ("The district court has original jurisdiction in all civil and criminal cases and shall have appellate jurisdiction as prescribed by law."); *see Glasspoole v. Albertson*, 491 F.2d 1090, 1091 (8th Cir. 1974) (applying judicial immunity against claims brought under 42 U.S.C. §§ 1981-1986).

Greene states that he "objects to judges and prosecutors being given a 'free pass' to trample the rights of citizens." (Pl.'s Response, Apr. 30, 2011.) Greene cites legislative history surrounding the enactment of 42 U.S.C. § 1983 to support that Congress intend to not provide immunity to judges and prosecutors. (Pl.'s Mem. 1-3, May 3, 2011.) This Court must apply the law as interpreted by the United States Supreme Court. Therefore, even if this Court adopted Greene's reading of the legislative history surrounding section 1983, this Court is bound to apply the United States Supreme Court's reading of the legislative history and apply the doctrine of prosecutorial immunity in the present case.

### 4.  Defendant Prosecutors' Motion to Dismiss (Docket No. 9)

Greene's claims against Defendant Oelrich arise out of his allegation that he met with Defendant Oelrich "prior to a hearing and learned that Defendant Police Office Eric Boucher . . . alleged that Greene was a Predator Offender." (Compl. at ¶ 69.)  Greene's claims against Defendant Stanislawski arise out his allegations that she "swore to bring forth all exculpatory evidence to a trial, an oath she has violated by ignoring all evidence submitted by Greene" and "[o]n August 6, 2010, Greene received a letter from Stanislawski notifying Greene that he could purchase evidence from her law firm."  (*Id.* at ¶¶ 72-73.)  For the reasons set forth below, this Court respectfully recommends that Defendant Prosecutors' Motion to Dismiss be granted.

First, for the reasons set forth in the discussion concerning Defendant Judges, Greene's claims against Defendant Prosecutors are barred by the Eleventh Amendment of the United States Constitution. Second, Greene has failed to allege section 1983 claim against Defendant Prosecutors upon which relief can be granted because, in their official capacities, they are not "persons" within the meaning of the section 1983. *Will*, 491 U.S. at 71, 109 S. Ct. at 2304. Third, Greene has failed to state a section 1985 claim upon which relief can be granted because Greene has not alleged a conspiracy involving Prosecutors Oelrich or Stanislawski—much less a conspiracy motivated by a discriminatory motive—that would support a section 1985 claim. Fourth, Greene has failed to state a section 1981 claim upon which relief can be granted. Greene has not alleged any actions that would support a claim that Defendant Prosecutors Oelrich or Stanislawski intentionally discriminated against Greene's right to make and enforce contracts. *Williams v. Lindenwood University*, 288 F.3d 349, 355 (8th Cir. 2002).

Fifth, Greene's section 1983 claims against Defendant Prosecutors Oelrich and Stanislawski are barred by the holding *Heck*, 512 U.S. 477, 114 S. Ct. 2364.

> In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."

*Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007) (quoting *Heck*, 512 U.S. at 486-87, 114 S. Ct. at 2372). Greene has not alleged that his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. Greene cites *Zupan v. Brown*, 5 F.Supp.2d 792, 797 (N.D. Cal. 1998), for the proposition that *Heck*'s holding is inapplicable to him because he is not in custody. The Eighth Circuit Court of Appeals rejected this interpretation of *Heck* in *Entzi,* 485 F.3d at 1003. This Court is bound by the holding of the Eighth Circuit Court of Appeals and, therefore, concludes that Greene's section 1983 claims are barred by *Heck*.

Finally, if Greene's claims against Defendant Prosecutors are individual capacity claims, then the Defendant Prosecutors are entitled to prosecutorial immunity for Greene's section 1983 and 1985 claims. "If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996); *see also Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S. Ct. 984, 993 (1976) (applying prosecutorial immunity to section 1983 claims involving the failure of the prosecutor to disclose evidence); *White v. Bloom*, 621 F.2d 276, 280 (8th Cir. 1980) (applying prosecutorial immunity in suit based under sections 1983 and 1985). All of the alleged actions by Defendant Prosecutors Oelrich and Stanislawski fall within the scope of their duties as advocates for the State.

### 5.   Defendant Eric Boucher's Motion to Dismiss (Docket No. 28)

Greene's claims against Defendant Boucher arise out of his allegation that he met with Defendant Oelrich "prior to a hearing and learned that Defendant Police Office Eric Boucher . . . alleged that Greene was a Predator Offender" (Compl. at ¶ 69) and his allegation that "Officer Boucher claimed that Greene's Minnesota license plate number VGU 574, came back as a possible predator offender."[1] (*Id.*) For the reasons set forth below, this Court respectfully recommends that Defendant Boucher's Motion to Dismiss be granted.

First, for the reasons set forth above, Greene's claims against Defendant Boucher are barred by the Eleventh Amendment to the United States Constitution.  Second, Greene has failed to state a section 1981 claim upon which relief can be granted because Greene has not alleged any actions that would support a claim that Defendant Boucher intentionally discriminated against Greene's right to make and enforce contracts. *Williams*, 288 F.3d at 355.  Third, Greene has failed to state a section 1985 claim against Defendant Boucher upon which relief can be granted because Greene has not alleged a conspiracy involving Defendant Boucher. Fourth, Greene has failed to state a section 1983 claim against Defendant Boucher upon which relief can be granted because Defendant Boucher—sued in his official capacity—is not a "person" within

---

[1] Minnesota District Court Judge Landwehr's Memorandum of Law provides greater details about the event upon which Greene's claims are based. (Docket No. 31-1.) Judge Landwehr found as follows: Defendant Boucher was parked in an elementary school parking lot and observed Greene drive slowly and park his car so that it faced the playground area. (*Id.*) Defendant Boucher "ran" the license plates on the car that Greene was driving and the results indicate that the car was possibly driven by a predatory offender. (*Id.*) Greene has never been adjudicated as a predatory offender, but "Kyle Frederick Green" is a predatory offender. (*Id.*) Defendant Boucher initiated contact with Greene and Green handed Defendant Boucher his driver's license. (*Id.*) Defendant Boucher ran the license and discovered that Greene's license had been suspended. (*Id.*) Defendant Boucher issued Greene a driving after suspension citation. (*Id.*) Minnesota District Court Judge Landwehr held that Defendant Boucher had reasonable articulable suspicion to seize Defendant and that there was probable cause to prosecute Greene.

the meaning of section 1983. Furthermore, Greene has failed to allege facts to support how Defendant Boucher violated Greene's right to equal protection or due process of law.

In addition, Greene argues that Defendant Boucher's Motion to Dismiss should be denied so that Greene can conduct discovery regarding whether or not Defendant Boucher "is more prone to stopping and investigating African Americans than he is (or does) white Americans." (Pl.'s Mem. 1, June 23, 2011.) Greene cites Federal Rule of Civil Procedure 56(c) for the proposition that discovery is warranted. Rule 56(c) is inapplicable to the present motion. The Memorandum of Law is a matter of public record, which is necessarily embraced by the pleadings. Rule 56(c). *See Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999). The standard of review section sets forth Green's burden of pleading. Greene's perceived need to conduct discovery does not alter the pleading standard in Fed. R. Civ. P. 12(b)(6).

Greene also raises a series of issues that were not addressed by Minnesota District Court Judge Landwehr's Memorandum of Law as were recited by Defendant Boucher that Greene contends support his equal protection claim. The Memorandum of Law's perceived deficiencies in no way resolves Greene's failure to state a claim against Defendant Boucher upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[2]

---

[2] While the inclusion of the Memorandum of Law provided some context that was absent from Greene's Complaint, Defendant Boucher did not need to include the Memorandum of Law in order to make its arguments to the Court. The Memorandum of Law would likely have been relevant if Defendant Boucher raised the issues of immunity, claim preclusion, or issue preclusion. But, Defendant Boucher did not raise the issues of immunity or claim preclusion, and Defendant Boucher argued for the first time in his reply memorandum that the doctrine of res judicata bars Greene's equal protection claims. Because this issue was raised for the first time in the reply memorandum, this Court will not address it. *See* D. Minn. LR 7.1(b)(3).

**IV. RECOMMENDATION**

For the reasons set forth herein, **IT IS HEREBY RECOMMENDED** that

1. Defendant Judges Steven E. Drange and Vickie E. Landwehr's Motion to Dismiss (Docket No. 4) be **GRANTED** and all claims against them be **DISMISSED WITH PREJUDICE**;

2. Defendants Eric S. Oelrich and Kristi Stanislawski's Motion to Dismiss (Docket No. 9) be **GRANTED** and all claims against them be **DISMISSED WITH PREJUDICE**; and

3. Defendant Eric Boucher's Motion to Dismiss (Docket No. 28) be **GRANTED** and all claims against them be **DISMISSED WITH PREJUDICE**.

Dated:    July 25, 2011   

                                            *s/ Tony N. Leung*   
                                        Magistrate Judge Tony N. Leung  
                                        United States District Court  
                                        For the District of Minnesota

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before    August 9, 2011   .