# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

---

KYLE GREENE,                                        CASE NO. 11-618 (PJS/TNL)

          PLAINTIFF,

V.

CANDEE S. GASSMAN, ELIZABETH W.        **REPORT & RECOMMENDATION**
CUMMINS, ERIC S. OELRICH, KRISTI
STANISLAWSKI, JUDGE STEVEN E. DRANGE,
JUDGE VICKIE E. LANDWEHR, MEEKER
COUNTY, STEARNS COUNTY, ERIC
BOUCHER,

          DEFENDANTS.

---

Kyle Greene, 32028 Minnesota Highway 15, Kimball, MN 55353, pro se Plaintiff;

Roger L. Rowlette and Jason M. Hill, **JOHNSON & LINDBERG, PA**, 7900 International Drive, Suite 960, Minneapolis, MN 55425-1582, for Defendants Candee S. Gassman, Elizabeth W. Cummins, Meeker County, Stearns County;

Erin D. Doran and Laura J. Hanson, **MEAGHER & GEER, PLLP**, 33 South 6th Street, Suite 4400, Minneapolis, MN 55402, for Defendants Eric S. Oelrich and Kristi Stanislawski;

John S. Garry, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St Paul, MN 55101-2128, for Defendant Judges Steven E. Drange and Vickie E. Landwehr; and

Ryan M. Zipf, **LEAGUE OF MINNESOTA CITIES**, 145 University Avenue West, St. Paul, MN 55103, for Defendant Eric Boucher.

## I.    INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendants' Motion for Summary Judgment (Docket No. 55); Plaintiff's Motion for Leave to Amend (Docket No. 66); and Plaintiff's (second) Motion for Leave to Amend (Docket No. 69).   This action has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b). On October 3, 2011, a hearing was held on Defendants' Motion for Summary Judgment (Docket No. 55). Although Plaintiff apprised the Court at the hearing that he filed a motion to amend his Complaint, no hearing was noticed or held on Plaintiff's Motion for Leave to Amend.

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY RECOMMENDED** that (1) Defendants' Motion for Summary Judgment (Docket No. 55) be **GRANTED** and Plaintiff's claims be **DISMISSED WITH PREJUDICE**; (2) Plaintiff's Motion for Leave to Amend (Docket No. 66) be **DENIED**; and (3) Plaintiff's (second) Motion for Leave to Amend (Docket No. 69) be **DENIED**.

## II.    MOTIONS TO AMEND COMPLAINT (Docket Nos. 66 and 69)

Plaintiff Kyle Greene (Greene) moved under Fed. R. Civ. P. 15(a) to amend his Complaint on October 3, 2011, (Docket No. 66) and December 15, 2011 (Docket No. 69).   Although "[t]he court should freely give leave" to amend the pleadings before trial, Fed. R. Civ. P. 15(a)(2), "there is no absolute right to amend and a court may deny the motion based upon a finding of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or

futility." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007).  The Local Rules also require that a party moving to amend his pleading must "attach to the motion: (1) a copy of the proposed amended pleading, and (2) a redline comparing the proposed amended pleading to the party's operative pleading." D. Minn. LR 15.1. For the reasons set forth below, this Court recommends that Greene's motions to amend his pleading be denied.

Aside from the fact that Greene failed to file a redlined version of his proposed amended pleading and further failed to provide any briefing in support his motion, Greene's motions suggest a dilatory motive.  Greene's motions come seven and ten months, respectively, after Greene initiated this action.  Moreover, Defendants' motions to dismiss put Greene on notice in April of 2011 that his Complaint held deficiencies and Greene did not seek leave of the Court to cure the deficiencies until after Defendants filed the Motion for Summary Judgment that is now before the Court and after this Court had issued its Report and Recommendation on the motions to dismiss.[1]  In addition to suggesting a dilatory motive, Greene's motions to amend can reasonably be construed as improper motions for reconsideration to the extent that they pertain to claims addressed in the first Report and Recommendation of this Court. *See* D. Minn. LR 7.1(h).

Greene's proposed amendments also appear to be futile.  This Court's review of the proposed amended pleadings suggests that Greene's first purpose for amending his

---

[1] This Court did not identify any new factual allegations in the proposed amended complaints (Docket Nos. 67, 69-1) relating to Defendants' bringing the present Motion for Summary Judgment.

Complaint is to allege individual-capacity liability. *Compare* Docket No. 1, at 14 *with* Docket No. 67, at 14, ¶ 84 *with* Docket No. 69-1, at 15, ¶ 125.  In this Court's prior Report and Recommendation, the Court construed Greene's claims as official-capacity claims.  *See* Report & Recommendation, at 4, July 26, 2011; Docket No. 49. Nevertheless, this Court analyzed Greene's claims, in the alternative, as if they were individual-capacity claims and concluded that Greene's claims would nonetheless be dismissed. This Court has reviewed Defendant's Motion for Summary Judgment (Docket No. 55) in a similar manner and, for the reasons set forth below, concludes that Greene's claims do not succeed as individual capacity claims.

This Court's review of the proposed amended pleadings suggests that Greene's additional goal for amending his Complaint is to add a new party: Officer Jason Johnson. *See* Docket No. 69-1.  Greene alleges that Officer Johnson issued tickets to Greene for events that occurred on January 15, 2011, and August 18, 2011. Docket No. 69-1.  But, as pleaded in his proposed amended complaint, Greene has not stated a claim upon which relief can be granted because he has not pleaded a claim that is ripe for review and any review would likely be forestalled by *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971), or *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994).

For all of these reasons, this Court recommends that Greene's motions to amend be denied.

### III.    MOTION FOR SUMMARY JUDGMENT (Docket No. 55)

####    1.  Background

Defendants Candee S. Gassman (Gassman), Elizabeth W. Cummins (Cummins), Meeker County, Minnesota and Stearns County, Minnesota bring the present motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Some of the factual background of the present action was set forth in the Court's Report and Recommendation (Docket No. 49), dated July 26, 2011.  The following recitation of allegations pertains to Defendants who are parties to the present motion for summary judgment.

Greene brings the present Complaint against Defendants Gassman, Cummins, Meeker County, and Stearns County, asserting claims under 42 U.S.C. §§ 1981, 1983, and 1985 that Defendants denied him due process of law and equal protection under the law.  Docket No. 1.  Greene's claims arise out of a child-support proceeding in Meeker County and a misdemeanor criminal case in Stearns County.  Gassman is a Meeker County Child Support Officer (Compl. at ¶ 12, Oct. 3, 2011) and Cummins is an Assistant County Attorney in Meeker County. *Id.* at ¶ 31.

As to Gassman and Meeker County, Greene alleges as follows: Gassman "commenced legal proceedings" against Greene.  Compl. at ¶ 12. "Greene was ordered to pay child support in Meeker County Court, on or about December 6, 2006, in the amount of $285.00 per month."  "On August 28, 2007 Greene's driver's license was suspended without a hearing or allowing Greene to waive his right to a hearing." *Id.* at ¶ 27. "On July 10, 2008 Greene received a Notice of Denial that Meeker County would not take

action to modify Greene's child support order based upon Greene's changed employment and income situations." *Id.* at ¶ 25.  "Gassman asked the court to suspend Greene's 'recreational licenses . . . on or about November 17, 2008." *Id.* at ¶ 28. Greene's recreational license was subsequently suspended. *Id.* at ¶¶ 29-30. 31. "On February 20, 2009 Gassman and . . . Cummins . . . filed a Notice of Motion and Motion for Modification of Child Support." *Id.* at ¶ 31. "At the July 7, 2009 hearing, Greene's Memorandum of Law was again ignored by Defendant Judge Steven E. Drange . . . , Gassman, and Cummins . . . ." *Id.* at ¶ 33. "During the hearing, Judge Drange ordered Gassman and Cummins to reinstate Greene's driver's license." *Id.* at ¶ 36. "The unconscionable contract Greene was ordered to sign on July 26, 2009 is a demonstration of Gassman's bad faith, the bad faith of her Supervisor and other Defendants." *Id.* at 37. "Despite Judge Drange's direct order, Greene's driving privileges were never reinstated and were deleted from the order that followed." *Id.* at ¶ 38.

As to Gassman and Meeker County, Greene further alleges as follows: "On January 11, 2010 Greene was notified by Robert D. Schaps in a letter that Gassman admitted her failure in complying with a written payment agreement, which Greene would request during discovery." *Id.* at ¶ 39. "Greene received a letter dated January 23, 2010 stating the intent of Gassman . . . to suspend Greene's driver's license for noncompliance with payment agreement." *Id.* at ¶ 41.  Gassman and Meeker County seized various amounts from Greene's paycheck throughout 2010. *Id.* at ¶¶ 14-17. "Defendants have ceased sending statements to Greene, despite being noticed of Greene's changes of address." *Id.* at ¶ 43.  "Gassman and Defendant Meeker County . . . treat

Black and non-Black males who pay child support differently. Upon information and belief, Plaintiff Kyle Greene states that in the Meeker County court system Black litigants do not get the same fair treatment that white litigants do." *Id.* at ¶ 18. Greene cites to cases—from Meeker, Stearns, and Olmstead Counties—"in which white males were ordered to pay child support and the Minnesota law was properly applied. . ." and which concern African American males and the "proper[]" application of Minnesota law. *Id.* at ¶¶ 19-21, 24, 50-51. "The undeniable fact is Defendants have seized more of Greene's paycheck than the law allows, in violation of Minnesota law." *Id.* at ¶ 22; *see also id.* at ¶¶ 23, 26, 44.

As to Cummins, Greene alleges as follows: "Cummins commenced legal proceedings against Greene." *Id.* at ¶ 45. Cummins seized various amounts from Greene's paycheck throughout 2010. *Id.* at ¶¶ 46-49. "On April 23, 2007, Meeker County dismissed a criminal case charging Greene with a 5th degree domestic assault after the alleged 'victim,' who claimed she feared for her life and the life of her kids, 'forgot' the date of the Court Proceeding." *Id.* at ¶ 52. "On May 7, 2007, Meeker County re-charged and convicted Greene with the same crime at which time Greene's guns were taken away, and probation was imposed along with a fine and community service." *Id.* at ¶ 53.

As to Stearns County, Greene alleges that he was prosecuted for an unidentified offense and all his remaining allegations relate to the actions of the Stearns County prosecutor and the judicial officers in the matter. *Id.* at ¶¶ 66-71; *see* Docket No. 12

(including court filings from Greene's prosecution for driving after suspension of his driver's license).

In support of all of these allegations, Greene filed the following exhibits: (1) the Minnesota Child Support Guidelines (Docket No. 2); (2) Greene's Memorandum of Law in Support of Downward Deviation of Child Support in *Moreno v. Greene*, Court File No. FA-06-1600 IV-D (Meeker County, Minn. Mar. 2009) (Docket No. 2-1); (3) Notice of Driver's License Suspension for Non-Compliance with Payment Agreement, dated January 23, 2010 (Docket No. 2-2); (4) Judicial Oath of Office and Minnesota Canon of Judicial Ethics (Docket No. 2-3); and (5) Greene's self-titled "Unconscionable Contract," which is a signed "Payment Plan" for avoiding Driver's License Suspension. Docket No. 2-4.

Defendants Gassman, Cummins, and the Counties bring their Motion for Summary Judgment, arguing (1) Greene's official capacity claims against Gassman and Cummins constitute claims against Meeker County, and Greene has not alleged a § 1983 claim against Meeker County; (2) Gassman is entitled to absolute and qualified immunity; (3) Cummins is entitled to prosecutorial and qualified immunity;  and (4) Greene has failed to demonstrate a genuine issue of material fact to support his §§ 1981 and 1985 claims.  Greene filed no opposition to the motion besides his motions to amend.

Defendants' motion includes exhibits that support the following timeline of events[2]:  On October 16, 2006, Meeker County intervened in a child support action. Aff.

_____

[2] The record in this matter also includes the exhibits filed by the Defendants who are not parties to this motion. *See* Docket Nos. 12 and 31.

Rowlette, at Ex. A, B, Aug. 19, 2011.  Cummins was the Assistant County Attorney who prosecuted the action.  *Id.*  On December 5, 2006, the child support magistrate issued a Findings of Fact, Conclusions of Law, Order, and Order for Judgment. *Id.* at Ex. C.  The child support magistrate concluded that Greene's child support obligation would be $285 per month. *Id.* at Ex. C; *see also id.* at Ex. E.

In April 2007, Meeker County sent Greene notice that his "case meets the criteria to suspend [his] driver's license." *Id.* at Ex. D. In October 2008, Meeker County moved for an order directing the Commissioner of the Department of Natural Resources to suspend or bar receipt of Greene's recreational licenses. *Id.* at Ex. F. The motion was supported by an affidavit of Gassman. *Id.* at Ex. G. In December 2008, the child support magistrate granted the motion, concluding that Greene's monthly child support obligation was $298.00 per month and Green had accrued arrears in the amount of $5,262.96. *Id.* at Ex. H.

In February 2009, Defendants moved to modify Greene's total child-support obligation to $426.00 per month. *Id.* at Ex. I. The motion was supported by an affidavit of Gassman. *Id.* at Ex. J. In May 2009, the child support magistrate issued his Findings of Fact, Conclusions of Law, Order, and Order for Judgment, concluding that Greene's child support obligation would be $306.00 per month. *Id.* at Ex. K; *see also id.* at Ex. L. In May 2009, Defendants moved for an order holding Greene in contempt for failure to comply with the December 2006 Order. *Id.* at Ex. M.  In July 2009, Greene signed a "Payment Plan," promising to pay $458.00 every month to avoid Driver's License Suspension. *Id.* at Ex. O. In August 2009, the child support magistrate held Greene in

constructive civil contempt. *Id.* at Ex. N. In January 2010, Defendants sent Greene a Notice of Driver's License Suspension for Non-Compliance with Payment Agreement. *Id.* at Ex. P. Greene requested a hearing on the notice. *Id.* at Ex. Q. In May 2010, the child support magistrate denied Defendants' request to suspend Greene's driver's license. *Id.* at Ex. R. In October 2010, Defendants sent Greene a second Notice of Driver's License Suspension for Non-Compliance with Payment Agreement. *Id.* at Ex. S. Following a hearing, the child support magistrate entered his Findings of Fact, Conclusions of Law, Order, and Order for Judgment, directing the Commissioner of Public Safety to suspend Greene's driving privileges. *Id.* at Ex. U.

## 2.  Analysis

### i.  *Standard of Review*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial responsibility of demonstrating that there is no genuine issue of material fact to be decided. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986); Fed. R. Civ. P. 56(c). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986).

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988).

Section 1981 provides a cause of action for individuals deprived of their right to make and enforce contracts. 42 U.S.C. § 1981(a). Section 1985 provides a remedy to specific categories of individuals who are victims of conspiracies to injure their person or property, or conspiracies to deny them equal protection under the law. 42 U.S.C. § 1985. These categories of individuals include, for example, public officers, witnesses, jurors, voters, and travelers. 42 U.S.C. § 1985.

### ii.  Section 1983 Claims

"Local governing bodies . . . can be sued directly under § 1983." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035 (1978).  In contrast to state entities, local governing bodies are not immune from suit under the Eleventh Amendment of the United States Constitution.[3]  *Id.*  "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-166, 105 S. Ct. 3099, 3105 (1985) (quoting *Monell*, 436 U.S. at 690 n.55, 98 S. Ct. at 2036 n.55).

In the present case, Greene has named Gassman, Cummins, and Meeker County as Defendants.  This Court interprets Greene's Complaint to be asserting overlapping claims

---

[3] In the Report and Recommendation (Docket No. 49), dated July 25, 2011, this Court erroneously recommended that Defendant Prosecutors Eric S. Oelrich and Kristi Stanislawski's Motion to Dismiss (Docket No. 9) and Defendant Officer Eric Boucher's Motion to Dismiss (Docket No. 28) be granted, in part, based upon the application of the Eleventh Amendment of the United States Constitution. This error does not alter this Court's ultimate recommendation on those motions.

against Gassman, Cummins, and Meeker County, i.e., Greene's claims against Gassman and Cummins in their official capacities are the same his claims against Meeker County.

The United States Supreme Court has held that "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691, 98 S.Ct. at 2036. Said another way:

> "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."

*Owen v. City of Independence, Mo.*, 445 U.S. 622, 633, 100 S. Ct. 1398, 1406 (1980) (quoting *Monell*, 436 U.S. at 694, 98 S. Ct. at 2038). Thus, "[b]efore a municipality can be held liable, . . . there must be an unconstitutional act by a municipal employee." *Russell v. Hennepin County*, 420 F.3d 841, 846 (8th Cir. 2005).

In the present case, Greene has neither alleged nor offered any evidence to show an official policy or custom of Meeker County that was acted upon by Gassman or Cummins, or an unconstitutional act by Gassman or Cummins. To the contrary, all of the actions undertaken by Gassman and Cummins are permitted under Minnesota law. *See* Minn. Stat. §§ 518A.49 (granting a public agency party status in child support enforcement proceedings), 518A.53 (providing for income withholding), 518A.65 (providing for driver's license suspension), 518A.69 (providing for recreational license suspension), 518A.69 (providing for payment agreements), and 518A.72 (providing for

contempt proceedings for nonpayment of support). This observation should not be construed as to affirm the child-support proceeding involving Greene.  Such a review is precluded by the full faith and credit statute.  28 U.S.C. § 1738; *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149 (1923).  Rather, these provisions are cited because the statutes of the State of Minnesota constitute the only cognizable policy under which Defendants were acting.

Greene makes conclusory allegations of racial discrimination and bias, but these are ambiguous—given that it is unclear whether Greene is contending the state court sitting in Meeker County acted in a discriminatory manner or if Defendants to the present motion acted in a discriminatory manner—and the conclusory allegations are insufficient to withstand a properly supported summary judgment motion.  *Cf. Allen v. Entergy Corp.*, 181 F.3d 902, 905 (8th Cir. 1999) (stating that a conclusory affidavit, "devoid of any specific factual allegations," is insufficient to "withstand a properly supported summary judgment motion"). Greene cites to other child-support cases in Meeker, Olmstead, and Stearns Counties, but Greene has neither alleged nor offered evidence to support how the individuals in those cases were "in all relevant respects similarly situated" to Greene. *Schmidt v. Des Moines Public Schools*, 655 F.3d 811, 820 (8th Cir. 2011).  Furthermore, the record supports that Greene was afforded due process for every action in his child-support support matter.

As to Defendant Stearns County, Greene has made no cognizable claim of discrimination or lack of due process.  Greene neither alleges nor proffers any evidence to support his prosecution was unconstitutional or in violation of federal law.

Therefore, for the reasons set forth herein, Defendants are entitled to summary judgment on Greene's § 1983 claims.

### iii.   Sections 1981 and 1985 Claims

Greene has failed to state section 1981 claims upon which relief can be granted because Greene has not alleged any actions that would support a claim that Defendants intentionally discriminated against Greene's right to make and enforce contracts. *Williams v. Lindenwood University*, 288 F.3d 349, 355 (8th Cir. 2002). Therefore, there is no genuine issue of material fact to sustain Greene's claims under § 1981, and Defendants are entitled to summary judgment on his § 1981 claims.

Greene has also failed to allege claims against Defendants upon which relief can be granted under 42 U.S.C. § 1985. Section 1985 requires an allegation of a conspiracy to deprive the plaintiff either directly or indirectly of his civil rights. *Mettler v. Whitledge*, 165 F.3d 1197, 1206 (8th Cir. 1999). "[A]llegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a 'meeting of the minds.'" *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985).  Greene's Complaint does not allege a conspiracy involving Defendants.  Therefore, there is no genuine issue of material fact to sustain Greene's claims under § 1985, and Defendants are entitled to summary judgment on Plaintiff's § 1985 claims.

### iv.   Individual Capacity Claims

Assuming *arguendo* that the claims against Gassman and Cummins were pleaded as individual-capacity claims, Defendants Gassman and Cummins would be entitled to

qualified immunity[4] and, therefore, summary judgment for Defendants would still be appropriate.

"Qualified immunity 'protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Stepnes v. Ritschel*, __ F.3d __, __, 2011 WL 6113873, at *4 (8th Cir. 2011) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808 (2009)).

> In evaluating claims of qualified immunity, we examine (1) "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right" and (2) whether the constitutional right violated "was 'clearly established' at the time of defendant's alleged misconduct." A reviewing court may consider these factors in either order.

*Id.* (quoting *Pearson*, 555 U.S. at 236, 129 S. Ct. 808).

In the present action, Greene has not alleged facts that make out a violation of a constitutional right.   Even if Greene alleged facts that make out a violation of a constitutional right, Greene raises no allegations or argument to support that Defendants should have known that their actions were objectively unreasonable. In contrast, Defendants have presented evidence that they were acting pursuant to Minnesota law and state court orders. Therefore, there is no genuine issue of material fact to sustain Greene's

---

[4] Defendants also argued that Gassman was entitled to absolute immunity and Cummins was entitled to prosecutorial immunity. Because this Court questions the application of these doctrines in the present case and concludes that Gassman and Cummins are entitled to qualified immunity, this Court does not reach these issues in the present Report and Recommendation

individual capacity claims and Defendants are entitled to summary judgment on Plaintiff's individual capacity claims.

## IV.    RECOMMENDATION

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY RECOMMENDED** as follows:

1. Defendants' Motion for Summary Judgment (Docket No. 55) be **GRANTED** and Plaintiff's claims be **DISMISSED WITH PREJUDICE** accordingly;

2. Plaintiff's Motion for Leave to Amend (Docket No. 66) be **DENIED**; and

3. Plaintiff's (second) Motion for Leave to Amend (Docket No. 69) be **DENIED**.

Dated: January 18, 2012

_____*s/ Tony N. Leung*_____
Magistrate Judge Tony N. Leung
United States District Court
For the District of Minnesota

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly

appealable to the Circuit Court of Appeals.   Written objections must be filed with the

Court before **February 2, 2012**.