UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

KYLE GREENE,                                                      Case No. 11-CV-0618 (PJS/TNL)

        Plaintiff,

v.

CANDEE S. GASSMAN; ELIZABETH W.                                   ORDER
CUMMINS; ERIC S. OELRICH; KRISTI
STANISLAWSKI; JUDGE STEVEN E.
DRANGE; JUDGE VICKIE E.
LANDWEHR; ERIC BOUCHER; MEEKER
COUNTY, MINNESOTA; and STEARNS
COUNTY, MINNESOTA,

        Defendants.

---

    Kyle Greene, pro se.

    Roger L. Rowlette and Jason M. Hill, JOHNSON & LINDBERG, PA, for defendants Candee S. Gassman, Elizabeth W. Cummins, Meeker County, and Stearns County.

    Erin D. Doran and Laura J. Hanson, MEAGER & GEER, PLLP, for defendants Eric S. Oelrich and Kristi Stanislawski.

    John S. Garry, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendants Judge Steven E. Drange and Judge Vickie E. Landwehr.

    Ryan M. Zipf, LEAGUE OF MINNESOTA CITIES, for defendant Eric Boucher.

    This case arises out of child-support proceedings against plaintiff Kyle Greene in Meeker County, Minnesota, and a misdemeanor criminal prosecution against Greene in Stearns County, Minnesota. Greene, who is African-American, alleges that each of the defendants in this case discriminated against him on account of his race and denied him due process. Specifically, Greene brings civil-rights claims under 42 U.S.C. §§ 1981 and 1985, and due-process and equal-

protection claims under 42 U.S.C. § 1983.  Magistrate Judge Tony N. Leung issued two Reports and Recommendations ("R&Rs") addressing the following dispositive and nondispositive motions:

1. the Judge Defendants' motion to dismiss [Docket No. 4];[1]

2. the Prosecutor Defendants' motion to dismiss [Docket No. 9];[2]

3. Officer Eric Boucher's motion to dismiss [Docket No. 28];[3]

4. the Meeker County Defendants' motion for summary judgment [Docket No. 55];[4] and

5. Greene's motions for leave to amend his complaint [Docket Nos. 66 and 69].

In the R&R that he issued on July 25, 2011, Judge Leung recommended granting the motions to dismiss brought by the Judge Defendants, the Prosecutor Defendants, and Officer Boucher.  *See* Docket No. 49.  In the R&R that he issued on January 18, 2012, Judge Leung recommended granting the Meeker County Defendants' motion for summary judgment and denying Greene's motions for leave to file an amended complaint.  *See* Docket No. 70.

This matter is before the Court on Greene's objections to the R&Rs.  *See* Docket Nos. 53 and 73.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ.

---

[1]The Judge Defendants are Judge Steven E. Grange of the Minnesota Eighth Judicial District, and Judge Vickie E. Landwehr of the Minnesota Seventh Judicial District.

[2]The Prosecutor Defendants are Eric S. Oelrich and Kristi Stanislawski, both of whom are prosecutors for the City of Cold Spring, Minnesota.

[3]Officer Boucher is a member of the Cold Spring Police Department.

[4]The Meeker County Defendants include Meeker County, Stearns County, Candee S. Gassman (a child-support worker employed by Meeker County), and Elizabeth W. Cummins (an Assistant Meeker County Attorney).

P. 72(b). Based on that review, the Court agrees with Judge Leung's recommended dispositions and almost all of his analysis. Accordingly, the Court overrules Greene's objections and adopts the R&Rs to the extent that they are consistent with this order.[5] Only two matters merit comment: (1) Greene's objection that he has not had the opportunity to conduct discovery against the Meeker County Defendants, and (2) Greene's attempt to add personal-capacity claims against the individual defendants. The Court considers each in turn.

*A.  Lack of Discovery*

Greene's primary objection to the January 18, 2012 R&R is that summary judgment in favor of the Meeker County Defendants is premature because he has not had the opportunity to conduct discovery. *See* Pl. Obj. to Jan. 18, 2012 R&R at 2, 4-5. This objection is without merit for two reasons.

*First*, before being entitled to take discovery, a plaintiff must file a complaint that contains "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Although the complaint's factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Greene has not filed an adequate complaint, and thus he is not entitled to take discovery.

In his complaint, Greene has not alleged that his injuries were caused by the execution of a government policy or custom, as would be required to state constitutional claims against Meeker and Stearns Counties — including official-capacity claims against Gassman and

---

[5]The Court adopts Judge Leung's July 25, 2011 R&R insofar as it is modified by footnote three of Judge Leung's January 18, 2012 R&R.

Cummins.  *See Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) ("For a municipality to be liable [under § 1983], a plaintiff must prove that a municipal policy or custom was the 'moving force [behind] the constitutional violation.'") (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  And with respect to his statutory claims, Greene has not alleged that any defendant interfered with his ability to make or enforce contracts on account of his race in violation of § 1981, or that any defendant conspired with others to deprive him of his civil rights in violation of § 1985.

Although the Meeker County Defendants label their motion as one for summary judgment and cite only Rule 56, their memorandum of law argues repeatedly that Greene's complaint fails to adequately plead a claim for relief.  *See, e.g.*, Meeker County Mem. in Support of S.J. at 12 [Docket No. 57] ("Greene makes no claim that a policy or custom on the part of Meeker County was the 'moving force' behind any alleged constitutional violations."); *id.* at 18 ("Greene's Complaint fails to allege facts sufficient to demonstrate a claim under either [§§ 1981 or 1985], and therefore, those claims are also subject to dismissal.").  Thus, the memorandum of the Meeker County Defendants put Greene on notice that they were challenging his complaint as failing to adequately plead any claim against them.  *Cf. Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1071 (8th Cir. 1995) (finding that the plaintiff had ample notice of the defendant's argument on summary judgment that the fraud claims were inadequately pleaded, even though it was not specifically labeled as an argument under Rule 9(b)).  In response, Greene has filed two motions for leave to amend his complaint, but Greene's proposed amendments do not fix these pleading defects.  Under the circumstances, it is not unfair to dismiss Greene's complaint based on his inability to plead a plausible claim for relief.  *Cf. Murr Plumbing*, 48 F.3d

at 1070-71 (holding that the district court properly granted the defendant's summary-judgment motion because the complaint failed to allege fraud with particularity as required by Rule 9(b)).

*Second*, even if Greene's complaint was not subject to dismissal for failure to state a claim, the Court would still accept Judge Leung's recommendation that summary judgment be granted to the Meeker County Defendants, despite the fact that Greene has not yet had the opportunity to take discovery. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Federal Rules expressly provide that a party may move for summary judgment at any time. *See* Fed. R. Civ. P. 56(b). If the non-movant believes that summary judgment is premature, Rule 56(d) authorizes the non-movant to seek a continuance by filing an affidavit or declaration explaining the reasons why he "cannot present facts essential to justify [his] opposition . . . ." The Eighth Circuit has emphasized, however, that "[w]hen seeking such a continuance, the party opposing summary judgment must file an affidavit with the trial court to show what *specific facts* further discovery might unveil." *Dulany v. Carnahan*, 132 F.3d 1234, 1238 (8th Cir. 1997) (emphasis added).

In other words, it is not enough for a non-movant to complain generally about the lack of discovery. Every non-movant can express the hope that, if he were allowed to take discovery, he might find some evidence that might help his case in some way. Rather, the non-movant who seeks to delay a ruling on a summary-judgment motion must, at a minimum, "affirmatively demonstrat[e] why he cannot respond to a movant's affidavits . . . and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Willmar Poultry Co. v. Morton-Norwich*

*Prods. Inc.*, 520 F.2d 289, 297 (8th Cir. 1975); *see also Alexander v. Pathfinder, Inc.*, 189 F.3d 735, 744 (8th Cir. 1999) (explaining that the party opposing summary judgment must "demonstrate how discovery will provide rebuttal to the movant's claims").

Here, Greene did not ask for a continuance to seek discovery nor submit a declaration or an affidavit to Judge Leung in support of such a request. In fact, Greene did not submit *any* written response to the Meeker County Defendants' motion for summary judgment. Given that Greene is proceeding pro se, his failure to formally comply with Rule 56(d) is excusable. But, to this day (nearly six months after the Meeker County Defendants moved for summary judgment), Greene still has not identified the specific facts that he seeks to uncover during discovery and how those facts might preclude summary judgment in favor of the Meeker County Defendants.

In his objection to the R&R, Greene complains generally that the "lack of discovery prevents [him] from proving an unconstitutional act by a municipal employee . . . ." Pl. Obj. to Jan. 18, 2012 R&R at 5. But the fact that Greene has not had the opportunity to take discovery does not, in and of itself, preclude granting summary judgment to the Meeker County Defendants. *See Willmar Poultry*, 520 F.2d at 298 ("There may be cases where summary judgment is eminently appropriate even prior to discovery."). Nor does it excuse Greene from having to explain why the lack of formal discovery prevented him from effectively opposing the summary-judgment motion.

Greene has not identified any relevant evidence that is in the Meeker County Defendants' control and that he could not obtain without formal discovery. Greene also has not disputed either the authenticity or the accuracy of the documentary evidence that the Meeker County Defendants submitted in support of their motion for summary judgment. *See* Pl. Obj. to Jan. 18,

2012 R&R at 4. For example, Greene alleges in his complaint that his driver's license was suspended without notice. Compl. at ¶ 27 [Docket No. 1]. The Meeker County Defendants countered this allegation by submitting evidence that Greene was in fact sent a notice informing him of his right to seek a hearing to contest the suspension. *See* Rowlette Aff. Ex. D [Docket No. 59]. Greene neither disputes the authenticity of the notice nor denies having received the notice before his license was suspended.

In sum, because Greene does not dispute the accuracy or authenticity of the evidence submitted by the Meeker County Defendants in support of their summary-judgment motion — and because Greene still has not identified what specific evidence he needs (but is unable to obtain without formal discovery) to properly defend against that motion — the Court concludes that summary judgment is not premature.[6]

Turning briefly to the merits of the summary-judgment motion, the Court agrees with Judge Leung that Greene's constitutional claims against Meeker and Stearns Counties fail because he has not pointed to any evidence that his alleged injuries were caused by a government policy or custom. *See* Jan. 18, 2012 R&R at 11-12. Similarly, Greene has not pointed to any evidence that any defendant interfered with his ability to make or enforce contracts, or that any defendant conspired to deprive him of his civil rights. Accordingly, the Court accepts Judge Leung's recommendation that Greene's claims against the Meeker County Defendants be dismissed.

---

[6]Greene's objection fails for the additional reason that he did not raise this issue before Judge Leung. *See Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006) ("A party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge.") (citing *Madol v. Dan Nelson Auto. Grp.*, 372 F.3d 997, 1000 (8th Cir. 2004)).

*B. Personal-Capacity Claims*

Greene did not make clear in his complaint whether he was suing the individual defendants in their official capacities, in their personal capacities, or in both their official and personal capacities. Therefore, Judge Leung properly construed Greene's complaint as bringing only official-capacity claims. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

Greene now seeks to amend his complaint so that he may add claims against the individual defendants in their personal capacities. Judge Leung recommends that Greene's motions to amend be denied on the grounds of bad faith and futility. *See* Jan. 18, 2012 R&R at 2-3. The Court agrees with Judge Leung that Greene's personal-capacity claims fail as a matter of law and therefore amendment would be futile.[7]

As Judge Leung explains, Greene's proposed personal-capacity claims against the Judge Defendants are barred by absolute judicial immunity, *see* July 25, 2011 R&R at 7 (citing *Glasspoole v. Albertson*, 491 F.2d 1090, 1091 (8th Cir. 1974)), while his proposed personal-capacity claims against the Prosecutor Defendants are barred by prosecutorial immunity and by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), *see* July 25, 2011 R&R at 8-9 (citing *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) and *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007)). The Court also agrees with Judge Leung that Greene has failed to plead any facts plausibly suggesting that Officer Boucher, in either his personal or official

---

[7]The Court does not believe that Greene filed his motions in bad faith or to delay litigation and thus does not deny Greene's motions on these grounds.

capacity, violated Greene's federal statutory or constitutional rights. *See* July 25, 2011 R&R at 10-11.

Judge Leung finds Greene's proposed personal-capacity claims against Gassman and Cummins to be futile because qualified immunity protects them from liability. *See* Jan. 18, 2012 R&R at 15 (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). The Court agrees. Greene's conclusory allegations against Gassman and Cummins are devoid of any specific facts giving rise to a plausible inference that either of them violated his constitutional or statutory rights.

With respect to equal protection, Greene alleges that, as a result of the actions taken by Gassman and Cummins in connection with his child-support obligations, his take-home pay is less than that of white males who have child-support obligations. *See* Compl. at ¶ 23; Proposed Am. Compl. at ¶ 24 [Docket No. 69-1]. This claim fails because Greene has not alleged that he is similarly situated in every material respect to the white males with whom he is comparing himself. *See Schmidt v. Des Moines Pub. Schs.*, 655 F.3d 811, 820 (8th Cir. 2011) ("To establish a violation [of the Equal Protection Clause], a plaintiff must show that she was treated differently than other persons who were in all relevant respects similarly situated.") (internal quotations omitted). Greene also fails to allege what precisely Gassman or Cummins did that resulted in him taking home less money. Greene alleges that Gassman and Cummins commenced legal proceedings. *See* Compl. at ¶¶ 12, 45; Proposed Am. Compl. at ¶¶ 13, 46. But Greene does not dispute that it is a child-support magistrate — and not Gassman or Cummins — who determines the amount of child support that he owes. For these reasons, Greene has not adequately pleaded an equal-protection claim against either Gassman or Cummins.

Greene has also failed to adequately plead either a substantive- or procedural-due-process claim against Gassman or Cummins. To adequately plead a substantive-due-process claim, a plaintiff must allege "actions by a government official which 'violated one or more fundamental constitutional rights' and were 'shocking to the contemporary conscience.'" *C.N. v. Willmar Pub. Schs., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 634 (8th Cir. 2010) (quoting *Flowers v. City of Minneapolis*, 478 F.3d 869, 873 (8th Cir. 2007)). Here, Greene has failed to allege that either Gassman or Cummins, while intervening on behalf of Meeker County in child-support proceedings, acted in a way that would shock the conscience of contemporary society. With respect to procedural due process, Greene's only process-based allegation appears to be that "[o]n August 28, 2007, [his] driver's license was suspended without a hearing or allowing [him] to waive his right to a hearing." *See* Compl. at ¶ 27; Proposed Am. Compl. at ¶ 28.[8] Assuming that Greene has a property interest in his driver's license, Greene has not alleged that either Gassman or Cummins had the authority to suspend his license.

Finally, Greene has failed to allege any facts that may support a plausible inference that either Gassman or Cummins interfered with his ability to make or enforce contracts on account of his race in violation of § 1981, or that either Gassman or Cummins were involved in a conspiracy to deprive him of his civil rights in violation of § 1985.[9]

---

[8]Greene also alleges that Judge Drange ordered an increase in his monthly child-support obligation without a hearing. *See* Compl. at ¶ 61; Proposed Am. Compl. at ¶ 62. But even if that were true, absolute judicial immunity would nonetheless prevent Greene from recovering damages from Judge Drange. *See Glasspoole v. Albertson*, 491 F.2d 1090, 1091 (8th Cir. 1974).

[9]The Court notes that Greene alleges throughout his complaint that Gassman and Cummins violated Minnesota's child-support laws by garnishing more of his paychecks than the law permits and by improperly calculating the amount of child support that he owes. *See* Compl.
(continued...)

For these reasons, the Court concludes that Greene's proposed amendment to bring personal-capacity claims against each of the individual defendants would be futile, and therefore the Court accepts Judge Leung's recommendation that Greene's motions for leave to amend his complaint be denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Greene's objections [Docket Nos. 53 and 73] and ADOPTS Judge Leung's Reports and Recommendations [Docket Nos. 49 and 70] to the extent that they are consistent with this order.  Accordingly, IT IS HEREBY ORDERED THAT:

1. The Judge Defendants' motion to dismiss [Docket No. 4] is GRANTED.

2. The Prosecutor Defendants' motion to dismiss [Docket No. 9] is GRANTED.

3. Officer Boucher's motion to dismiss [Docket No. 28] is GRANTED.

4. The Meeker County Defendants' motion for summary judgment [Docket No. 55] is GRANTED.

5. Plaintiff Greene's motions for leave to amend his complaint [Docket Nos. 66 and 69] are DENIED.

---

[9](...continued)
at ¶¶ 22, 26; Proposed Am. Compl. at ¶¶ 23, 27.  But even if Gassman and Cummins did violate state law, that fact alone would not give rise to a federal claim.  *See Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir. 1993) (observing that "a violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983").

      6.      Plaintiff Greene's complaint [Docket No. 1] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 6, 2012                              s/Patrick J. Schiltz
                                                                                 Patrick J. Schiltz
                                                                                 United States District Judge