UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

KYLE GREENE,                                    Case No. 11-CV-0618 (PJS/TNL)

          Plaintiff,

v.

CANDEE S. GASSMAN; ELIZABETH W.                 ORDER
CUMMINS; ERIC S. OELRICH; KRISTI
STANISLAWSKI; JUDGE STEVEN E.
DRANGE; JUDGE VICKIE E.
LANDWEHR; ERIC BOUCHER; MEEKER
COUNTY, MINNESOTA; and STEARNS
COUNTY, MINNESOTA,

          Defendants.

---

Kyle Greene, pro se.

Roger L. Rowlette and Jason M. Hill, JOHNSON & LINDBERG, PA, for defendants
Candee S. Gassman, Elizabeth W. Cummins, Meeker County, and Stearns County.

Erin D. Doran and Laura J. Hanson, MEAGER & GEER, PLLP, for defendants Eric S.
Oelrich and Kristi Stanislawski.

John S. Garry, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendants Judge
Steven E. Drange and Judge Vickie E. Landwehr.

Ryan M. Zipf, LEAGUE OF MINNESOTA CITIES, for defendant Eric Boucher.

On March 6, 2012, the Court adopted in part the Report and Recommendation of United

States Magistrate Judge Tony N. Leung and dismissed plaintiff Kyle Greene's complaint.  *See*

Mar. 6, 2012 Order [Docket No. 80].  In his complaint, Greene alleged, among other things, that

defendants unlawfully discriminated against him on the basis of race by requiring him (an

African-American) to make higher child-support payments than similarly situated men who are

not African-American.  Greene's appeal of the order is currently pending before the United
States Court of Appeals for the Eighth Circuit.

This matter is before the Court on Greene's self-styled "Motion for Disclosure of
Chamber of Papers [sic]."  Docket No. 88.  Apparently based on various articles about the role of
law clerks that he has found on the Internet, Greene says that he "suspects he was the victim of a
law clerk usurping the function of an Article III judge."  Docket No. 88; *see also* Docket No. 89.
So that he can investigate his suspicions, Greene asks for access to "case-related correspondence
and background material," including correspondence between the undersigned and his law clerk,
drafts of orders and opinions, and other non-public documents related to his case.  Docket
No. 88.  He also asks for access to "whatever software is used as a template for law clerks used
[sic] to deny relief to litigants."  Docket No. 88.

In support of his motion, Greene cites various newspaper and other articles about the role
of law clerks and to case law regarding the public's general right to access *public* records under
the First Amendment and the common law.  *See, e.g.*, *In re Neal*, 461 F.3d 1048, 1053 (8th Cir.
2006) (explaining that the public has a "general right to inspect and copy public records and
documents" (internal quotations omitted)); *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d
178, 181 (4th Cir. 1988) (observing that there is a qualified right to access certain judicial
records under the First Amendment).  But those judicial decisions are inapposite, as they pertain
to documents filed by litigants, not to internal communications between a judge and his or her
law clerk.

Greene has not cited — and the Court has not found — a single statute, regulation, rule,
or judicial opinion holding that a litigant has a right of access (under the First Amendment, the

common law, or anything else) to communications between a judge and his or her law clerk, including draft opinions and orders. Rather, all of the authority of which the Court is aware is to the contrary. *See, e.g.*, *New York Times Co. v. United States*, 403 U.S. 713, 752 n.3 (1971) (Burger, C.J., dissenting) ("I have little doubt as to the inherent power of the Court to protect the confidentiality of its internal operations by whatever judicial measures may be required."); *Soucie v. David*, 448 F.2d 1067, 1080-81 (D.C. Cir. 1971) (Wilkey, J., concurring) (explaining that public officials, including judges, "are entitled to the private advice of their subordinates . . . without fear of disclosure, otherwise the advice received . . . may not be as frank and honest as the public good requires"); *Gregorich v. Lund*, 54 F.3d 410, 417 (7th Cir. 1995) ("The absence of either cooperation or confidentiality is disruptive and inevitably impairs the operation of any court." (internal quotations omitted)); *see generally* Charles W. Sorenson, Jr., *Are Law Clerks Fair Game? Invading Judicial Confidentiality*, 43 Val. U. L. Rev. 1, 26-27 (2008) ("Judges rely on the ability to engage freely in testing of their thoughts and ideas with their law clerks. Without confidentiality, many judges would not engage in this process to the serious detriment of their decision-making.").

Based on the foregoing, and on all of the files and records herein, IT IS HEREBY ORDERED THAT plaintiff Kyle Greene's motion for disclosure [Docket No. 88] is DENIED.

Dated: May 2, 2012                                   s/Patrick J. Schiltz
                                                     Patrick J. Schiltz
                                                     United States District Judge