UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KYLE GREENE, | Case No. 11-CV-0618 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| CANDEE S. GASSMAN; ELIZABETH W. CUMMINS; ERIC S. OELRICH; KRISTI STANISLAWSKI; JUDGE STEVEN E. DRANGE; JUDGE VICKIE E. LANDWEHR; MEEKER COUNTY, MINNESOTA; STEARNS COUNTY, MINNESOTA; and ERIC BOUCHER, | |
| Defendants. | |

Plaintiff Kyle Greene moves for relief from the judgment entered in this case on the basis of what he characterizes as newly discovered evidence. *See* Fed. R. Civ. P. 60(b)(2). His motion, in fact, is not based on newly *discovered* evidence — that is, on evidence that existed at the time that the judgment was entered but that was not discovered until later. Instead, his motion is based on *new* evidence — that is, on something that happened long after judgment was entered. Greene's request is denied for two reasons.

First, Greene's motion is untimely. Greene filed his motion more than two years after entry of the judgment in this case. "A motion under Rule 60(b) must be made . . . no more than a year after the entry of the judgment" if the motion is made on the basis of newly discovered evidence. Fed. R. Civ. P. 60(c)(1). The one-year limitations period may be reopened when the original judgment has been amended to alter, disturb, or revise the parties' settled rights with respect to liability, *see Jones v. Swanson*, 512 F.3d 1045, 1049 (8th Cir. 2008), but the judgment

entered in this case has not been amended at any time. And the one-year limitations period is not tolled during the pendency of an appeal. *See, e.g.*, *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (compiling cases). Accordingly, Greene filed his Rule 60(b)(2) motion too late.

Second, the Court would deny Greene's motion even if it were timely. "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Schwieger v. Farm Bureau Ins. of Neb.*, 207 F.3d 480, 487 (8th Cir. 2000) (quotation omitted). " In order to prevail under Rule 60(b)(2), the movant must show," among other things, that "the evidence is such that a new trial would probably produce a different result." *Id*. Greene's "newly discovered evidence" is a Minnesota state court order reducing his child-support obligations. *See* ECF No. 98-1. As best as the Court can tell, Greene's argument is that he should have been paying these reduced child-support obligations all along, and thus the order modifying his obligations is evidence that defendants had indeed been discriminating against him. But nothing in the order cited by Greene suggests that his prior child-support obligations were unlawfully high; to the contrary, the order makes clear that Greene's child-support obligations were reduced because *his circumstances changed* after the prior child-support order was entered. And certainly nothing in the order cited by Greene remotely suggests that, even if his prior child-support obligations had been set too high, that error was the result of unlawful discrimination. In sum, the "newly discovered evidence" cited in Greene's motion would not have resulted in a different outcome in this case.

For these reasons, Greene's Rule 60(b)(2) motion is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff Kyle Greene's motion for relief from judgment [ECF No. 98] is DENIED.

Dated: May  5 , 2014                              s/Patrick J. Schiltz
                                                  Patrick J. Schiltz
                                                  United States District Judge