UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KYLE GREENE, | Case No. 11-CV-0618 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| CANDEE S. GASSMAN; ELIZABETH W. CUMMINS; ERIC S. OELRICH; KRISTI STANISLAWSKI; JUDGE STEVEN E. DRANGE; JUDGE VICKIE E. LANDWEHR; MEEKER COUNTY, MINNESOTA; STEARNS COUNTY, MINNESOTA; and ERIC BOUCHER, | |
| Defendants. | |

Plaintiff Kyle Greene previously moved for relief from the judgment entered in this case on the basis of what he characterized as newly discovered evidence. *See* ECF No. 98; Fed. R. Civ. P. 60(b)(2). The Court denied this motion in an order dated May 5, 2014. *See* ECF No. 105. Greene now moves for reconsideration of that denial. *See* ECF No. 107.

As explained in the Court's May 5 order, however, Greene plainly filed his motion for relief under Rule 60(b)(2) too late. *See* ECF No. 105 at 1-2. Moreover, nothing in Greene's motion for reconsideration convinces the Court that it erred in this case, either in granting judgment in favor of defendants or in denying Greene's Rule 60(b)(2) motion. Accordingly, Greene's motion for reconsideration is denied.

Greene has also filed a "notice to the court" in which he characterizes his earlier motion as one for relief pursuant to Rule 60(b)(1), not Rule 60(b)(2). *See* ECF No. 106. Even if Greene's earlier motion had been brought under Rule 60(b)(1) (and it was not, *see* ECF No. 98

at 1), the Court would have denied that motion.  Rule 60(b)(1) is governed by the same one-year limitations period as Rule 60(b)(2), *see* Fed. R. Civ. P. 60(c), and thus any motion brought by Greene under either provision would have been time-barred.  Further, Rule 60(b)(1) could not possibly apply in this case; the evidence cited by Greene as the basis for his motion for relief from judgment did not exist until two years after judgment was entered, and thus the Court's "failure" to consider that evidence at the time judgment was entered obviously could not have been the result of "mistake, inadvertence, surprise, or excusable neglect . . . ."  Fed. R. Civ. P. 60(b)(1).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff Kyle Greene's motion to reconsider [ECF No. 107] is DENIED.

 Dated: June  2 , 2014                                    s/Patrick J. Schiltz
                                                          Patrick J. Schiltz
                                                          United States District Judge